IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALEX BORREGO,<br><br>        Plaintiff,<br><br>v.<br><br>SOUTHWEST CREDIT SYSTEMS, L.P.,<br><br>        Defendant. | EP-23-cv-00190-DCG<br><br>Honorable Judge<br>David C. Guaderrama |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

    **NOW COMES** Alex Borrego ("Plaintiff"), and Defendant, Southwest Credit Systems, L.P. ("Defendant") hereby jointly submit this Rule 26(f) Report and Proposed Discovery Plan. In support thereof, the parties respectfully state as follows:

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

   **Plaintiff:** Plaintiff's complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann § 392 *et seq.*, for Defendant's unlawful conduct. Specifically, Plaintiff alleges that Defendant continued to repeatedly place collection calls to his cellular phone after Plaintiff demanded that the phone calls cease.

   **Defendant:** Defendant denies all allegations brought against it by Plaintiff. Defendant contends that no further calls were placed to Plaintiff after his request for calls to cease. Defendant asserts it is not responsible for any alleged damages and that no statutory violations occurred. Further, Plaintiff has not suffered any concrete harm. If any violation occurred, Defendant asserts that it was due to bona fide error.

2. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

   Subject matter jurisdiction through federal question jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

    a. **Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

    Jurisdiction is not based on diversity.

    b. **If any party is a partnership or limited company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

    Jurisdiction is not based on diversity.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

   There are no unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

   Not at this time.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

   Not at this time.

6. **Are there any issues about preservation of discoverable information?**

   Not at this time.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

   The parties agree that .pdf will be the default format for production of all documents. If a party requests native format the parties will address the issue at that time.

8. **What are the subjects on which discovery may be needed?**

   Plaintiff: Plaintiff anticipates both written and oral discovery relating to the allegations made in Plaintiff's complaint. Specifically, information related to all communications between Plaintiff and Defendant, and Defendant's policies and procedures as they relate to calling a consumer after they have demanded that the collection calls to their cellular phone cease.

   Defendant: Defendant anticipates both written and oral discovery relating to Plaintiff's allegations made in Plaintiff's complaint. Specifically, information related to communications

between Defendant and Plaintiff, the use and ownership of Plaintiff's cellular telephone number, he identity of all persons with knowledge of the facts alleged in the complaint, Plaintiff's alleged damages, and the identity of all persons with whom Plaintiff has disclosed any facts asserted in the complaint.

9. **Have initial disclosure been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

    The parties do not propose any changes to the timing, form, or requirement for disclosures. The parties will serve their initial disclosures on or before **August 30, 2023**.

10. **What if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

    The parties have not completed any discovery at this time. They anticipate exchanging written discovery and conducting party depositions and reserve the right to conduct third-party and/or expert discovery as deemed necessary and appropriate. The parties can complete discovery by **February 5, 2024**. The parties do not believe discovery should be conducted in phases or limited to or focused on particular issues.

11. **What, if any, discovery disputes exist?**

    The parties do not believe that any discovery disputes currently exist.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

    Not at this time.

13. **Have the parties discussed early mediation?**

    At this time, the parties have not discussed early mediation.

14. **Have the parties considered seeking entry of confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

    Not at this time.

15. **A short statement of the facts that form the basis of Plaintiff's claims and those that form the basis of Defendant's defenses. Each side's statement shall be no longer than one page with double-spaced type.**

    **Plaintiff:** Plaintiff brings his Complaint for alleged violations of the Fair Debt Collection

Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann § 392 *et seq.,* for Defendant's unlawful conduct. Specifically, Plaintiff alleges that Defendant violated the FDCPA and the TDCA by repeatedly calling Plaintiff on his cellular phone without his consent to collect the subject debt. Defendant continued to place phone calls to Plaintiff's cellular phone even after he made a verbal cease and desist record.

**Defendant:** Defendant denies all allegations brought against it by Plaintiff. Defendant contends that no false, misleading, or deceptive practices were utilized on this account. Defendant asserts it is not responsible for any alleged damages and that no statutory violations occurred. Further, Plaintiff has not suffered any concrete harm. If any violation occurred, Defendant asserts that it was due to bona fide error.

16. **Whether any party demands or has demanded a trial by jury:**

    Plaintiff requested a jury trial when he filed his Complaint.

17. **Whether the parties consent to a United States Magistrate Judge conducting further proceedings in the case (including trial), entering a final judgment, and conducting post-judgment proceedings.**

    The parties consent to a United States Magistrate Judge.

Date: August 9, 2023                                            Respectfully Submitted,

| | |
|---|---|
| */s/ Nathan C. Volheim* <br> Nathan C. Volheim <br> Sulaiman Law Group, Ltd. <br> 2500 South Highland Avenue, Suite 200 <br> Lombard, Illinois 60148 <br> Phone: (630) 575-8181 <br> Fax: (630) 575-8188 <br> nvolheim@sulaimanlaw.com <br> *Counsel for Plaintiff* | */s/ Cooper M. Walker* <br> Cooper M. Walker <br> <u>Mailing Address:</u> <br> P.O. Box 12645 <br> Rock Hill, SC 29731 <br> <u>Physical Address:</u> <br> 18383 Preston Road, Suite 350 <br> Dallas, TX 75252 <br> Phone: (817) 290-4356 <br> Cooper.Walker@frostechols.com <br> *Counsel for Defendant* |